IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **ISHMAEL K. WHITAKER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| V. : | NO. 4:24-cv-00142-CDL-AGH |
| : | |
| **DEMETRO,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## ORDER OF DISMISSAL

Plaintiff Ishmael K. Whitaker, a detainee in the Muscogee County Jail in Columbus, Georgia, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Because he had not done so, Plaintiff was ordered to either pay the Court's $405.00 filing fee for a civil rights complaint or move for leave to proceed in this action *in forma pauperis* ("IFP"). ECF No. 4 at 1. Plaintiff was also ordered to recast his complaint to comply with Rule 8 of the Federal Rules of Civil Procedure. *Id.* at 2-4. Plaintiff was given fourteen days to complete these actions and was cautioned that his failure to do so could result in the dismissal of this case. *Id.* at 4.

More than fourteen days passed after that order was entered, during which Plaintiff did not pay the filing fee, move for leave to proceed IFP, file a recast complaint, or otherwise respond to the order.[1]  As a result, Plaintiff was ordered to show cause to the

---

[1] The day after the order was filed, a motion for transfer to another facility and a letter regarding Plaintiff's requests for his account statement were docketed in this Court. ECF Nos. 5 & 6. Although the letter related to a potential motion to proceed *in forma pauperis*, it was not responsive to the Court's order, as it was signed and mailed by Plaintiff before that order was entered. It also did not satisfy the order to pay the filing fee or move for

Court why this case should not be dismissed for failure to comply with the Court's November 18, 2024 order. ECF No. 7.

After the show cause order was entered, Plaintiff filed a notice of change of address, indicating that he had been transferred to Appling Correctional Facility, and a motion to stay this case, asserting that he was unable to access his legal materials in Appling. ECF Nos. 8 & 9. Plaintiff subsequently filed a motion asking that any stay order be lifted and that his cases be restarted because he had been moved back to the Muscogee County Jail. ECF No. 11 at 3. Therefore, Plaintiff's motion for a stay (ECF No. 9) was denied as moot, and Plaintiff's motion to lift the stay (ECF No. 11) was denied as unnecessary, as no stay was ever entered. ECF No. 14 at 2.

At that point, Plaintiff had not responded to the show cause order discussed above, and it appeared that Plaintiff may not have received that order. In particular, the order was initially mailed to Plaintiff at the Muscogee County Jail, but it was returned to the Court as undeliverable after Plaintiff was transferred to Appling Correctional Facility. ECF No. 10. Additionally, when Plaintiff filed his notice of change of address, the show cause order was mailed to Plaintiff at Appling, but that copy of the order was also returned to this Court as undeliverable. ECF No. 13. Because Plaintiff indicated that he had been transferred back to the Muscogee County Jail, ECF No. 11, the United States Magistrate

---

leave to proceed IFP. Additionally, the motion for transfer to another facility (ECF No. 5) was in the nature of a motion for preliminary injunctive relief. Thus, consideration of that motion was deferred. ECF No. 7 at 1-2 n.1; ECF No. 14 at 1-2 n.1.

Judge directed the clerk to mail Plaintiff a copy of the order to show cause (ECF No. 7) at the Muscogee County Jail. ECF No. 14 at 3. Plaintiff was given fourteen days to respond to the order to show cause and was cautioned that his failure to comply would likely result in the dismissal of this case. *Id.*

More than fourteen days have now passed since the order to show cause was entered, and Plaintiff has not responded to that order. Plaintiff also has not filed a recast complaint, paid the filing fee, moved for leave to proceed IFP, or otherwise complied with the Magistrate Judge's initial order. Therefore, because Plaintiff has failed to respond to the Court's orders or otherwise prosecute this case, his complaint is now **DISMISSED WITHOUT PREJUDICE**. Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.")).

**SO ORDERED**, this 10th day of April, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA